## Weikel, Appellant, v. Pennsylvania Company, etc.

Argued November 29, 1940. Before MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*J. Webster Jones*, with him *James A. Walker*, for appellant.

*Thomas P. Mikell*, with him *Saul, Ewing, Remick & Saul*, for appellee.

PER CURIAM, January 6, 1941:

Donald Weikel, appellant, complains of the refusal of the court below to remove a compulsory nonsuit entered in an action of assumpsit instituted by him to recover, with interest, the sum of $5,000 allegedly deposited in his name with a predecessor bank of the Pennsylvania Company for Insurances on Lives and Granting Annuities, appellee, while he was still a minor. The specific terms of the deposit, later increased by $200 and claimed as the unconditional property of appellant, were not set forth.

Appellant's proofs, consisting of admissions in appellee's affidavit of defense and testimony of a probation officer of the Municipal Court and of an officer of the trust company, established that, in 1919, following indictment for fornication and bastardy under section 37 of the Act of March 31, 1860, P. L. 382, and in compromise of the offense, appellant's putative father agreed to pay the mother a lump sum of $5,000 for the maintenance and support of appellant, under an arrangement whereby the sum was to be deposited in a bank and withdrawals were to be made against the fund only with the approval of Children's Bureau of Philadelphia, which agency was responsible for the institution of the criminal proceeding. The sum was not actually paid into court but, apparently pursuant to the

compromise settlement arrangement, was deposited directly in the trust department of appellee's predecessor bank by a probation officer of the Municipal Court, acting as agent of the father. The probation officer, one Mrs. M. E. Vickers, testified that the deposit was made "in trust for Donald Edward Weikel and with the understanding that payments were to be made for his support" and that "settlement was definitely made on that basis." The receipt given by the bank, which was attached to the affidavit of defense, as an exhibit, and which is in evidence, reads as follows: "Received, Philadelphia, May 20, 1919, from Mrs. M. E. Vickers, Probation Officer, Municipal Court, the sum of $5,000 to be held for the account of Donald Edward Weikel, a minor. Payments are to be made out of this fund to Mary Weikel, mother of the minor, upon authorization by the Children's Bureau."

On this state of the proofs, the court below properly denied appellant's claim that he is now entitled to recover the amount of the original deposit of $5,200 plus some $6,240 in interest for the reason, as stated in its opinion, that "there is no proof that any deposit was made other than . . . a trust account payable to [the] mother under the supervision of . . . the Children's Bureau" and that therefore "the proofs did not sustain the allegations of the [appellant's] statement".* Appellant having failed to prove a deposit to his credit, as averred, and having shown, by his proofs, that the deposit did not in fact belong to him in the sense required to entitle him to maintain his action of assumpsit, the court had no choice but to enter a nonsuit.

Judgment affirmed.

---

* It is not disputed that during appellant's minority the sum of $6,120.34 was paid to the mother from the principal and income of the fund, in strict accordance with the terms of the deposit, and that after appellant had reached majority the further sum of $50 was paid to him and the mother, all of which appears from a complete accounting contained in the affidavit of defense, which accounting also shows an unliquidated balance of $2,100.